## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ANSWERS CORPORATION, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:16CV1252 RLW |
| | ) |
| FIRST EAST CIRCULAR, LLC, and | ) |
| OSARO OSAGIE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Answers Corporation's ("Answers") Petition to Compel Arbitration (ECF No. 1). In the Petition, Answers contends that it advanced payment to First East Circular, LLC ("FEC") for services which FEC has failed and refused to deliver. The Petition further avers that FEC is holding the funds and refuses to return the advances paid by Answers. (Pet. ¶ 1, ECF No. 1)

## Background

On August 27, 2015, Answers and FEC, through its owner, Osaro Osagie ("Osagie"), entered into an agreement ("Agreement"), wherein Answers advanced sums to FEC in return for certain services. (Pet. ¶¶ 8-9) However, Answers alleges that FEC failed and refused to provide these services. (Pet. ¶ 9) The Agreement contained an arbitration provision which provided that any disputes arising under the Agreement be resolved through binding arbitration in Los Angeles, California. [1] (Pet. ¶ 10) On or about May 24, 2016, Answers filed a Demand for Arbitration ("Demand") with the American Arbitration Association – Commercial Arbitration

---

[1] The Agreement contains a "Confidentiality" provision that requires the Agreement and its terms to remain confidential. The Court has been provided with a copy of both the Agreement and the Demand and has reviewed these documents *in camera*.

Tribunal – Los Angeles, California ("AAA"), pursuant to the arbitration provision in the Agreement. (Pet. ¶ 11) The Demand alleges breach of contract against FEC for failure to perform its obligations under the Agreement. (Pet. ¶ 12) In addition, the Demand alleges fraudulent misrepresentation against FEC and Osagie for allegedly false statements they provided to Answers, which were made to induce Answers to enter into the Agreement. (Pet. ¶ 12)

After Answers served the Demand on FEC and Osagie, AAA perfected Answers' filing as Case Number 01-16-0001-9565 and assigned a case management team. (Pet. ¶¶ 13-14) Osagie, on behalf of himself and FEC, initially communicated and cooperated with Answers and the AAA with regard to the Arbitration. (Pet. ¶ 16) However, by the end of July 2016, Osagie ceased communicating with Answers and AAA, and he failed to follow through with commitments and deadlines regarding the Arbitration.[2] (Pet. ¶¶ 16-17; Schultz Decl. Exs. 2 & 3, ECF Nos. 19-1, 19-2)

Answers then filed the instant Petition to Compel Arbitration on August 1, 2016. Answers has its principal place of business in St. Louis Missouri, and Osagie, the only member of FEC, is a citizen of California, making FEC a citizen of California for diversity jurisdiction

---

[2]  In a Declaration submitted by one of Answers' attorneys, Jonathan Shulan, Mr. Shulan avers that the Petition was served on Respondents FEC and Osagie on August 3, 2016 and August 5, 2016, respectively. (Shulan Decl. ¶ 2, ECF No. 21) Further, counsel served Petitioner's motion for hearing on the Petition, motions for default, and Order granting the motion for hearing via electronic mail. (*Id.* at ¶ 3; Ex. 1, ECF No. 21-1) The record also reflects Certificates of Service pertaining to those motions. (ECF Nos. 9, 11, and 12) Additionally, counsel served unsigned copies of the Declarations via electronic mail on October 11, 2016. (Shulan Decl. ¶ 5; Ex. 2, ECF No. 21-2) None of the documents sent through the U.S. Postal Service or through electronic mail were returned as undeliverable.

purposes.[3] (Pet. ¶¶ 2-4) Answers contends, and the Court agrees, that this Court has subject

matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship, and

the amount in controversy exceeds $75,000. (Pet. ¶ 5) Further, by transacting business with

Answers in Missouri, this Court has personal jurisdiction under Mo. Rev. Stat. § 506.500.1.

Since the Respondents were served with the Summons, neither Osagie nor an attorney on behalf

of FEC has answered or otherwise responded to the Petition or any other documents filed or

provided by Petitioner in this case.

## **Legal Standard**

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*., governs the agreement to

arbitrate in this action. Under the FAA:

> a contract evidencing a transaction involving commerce to settle by arbitration a
> controversy thereafter arising out of such contract or transaction, or the refusal to
> perform the whole or any part thereof, or an agreement in writing to submit to
> arbitration an existing controversy arising out of such a contract, transaction, or
> refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as
> exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Further, section 4 of the FAA provides that "a party aggrieved by the alleged

failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may

petition any United States district court which, save for such agreement, would have jurisdiction

under Title 28 . . . for an order directing that such arbitration proceed in the manner provided for

in such agreement." 9 U.S.C. § 4.

The FAA's primary purpose is to "'ensur[e] that private arbitration agreements are

enforced according to their terms.'" *Torres v. Simpatico, Inc.*, 781 F.3d 963, 968 (8th Cir. 2015)

(quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011)). Further, the FAA

---

[3]     For purposes of diversity jurisdiction, an LLC's citizenship is the citizenship of each of
its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (quotation
and citation omitted).

"reflects 'a liberal federal policy favoring arbitration.'" *Id.* (quoting *AT&T Mobility*, 563 U.S. at 339 (internal quotations omitted)). However, a district court's initial role in addressing a challenge to an arbitration agreement is limited "to deciding 'whether the making of the agreement for arbitration or the failure to comply therewith' is at issue." *MedCam, Inc. v. MCNC*, 414 F.3d 972, 974 (8th Cir. 2005) (quoting 9 U.S.C. § 4). The inquiry is thus refined to 1) whether the arbitration agreement was validly made; and 2) whether the dispute at hand falls within the scope of the arbitration clause contained in the agreement. *Id.* at 974-75 (citations omitted). Courts interpret the scope of an arbitration agreement liberally, and any doubts are resolved in favor of arbitration. *Id.* at 975.

## Discussion

Neither Osagie nor FEC has disputed the allegations contained in the Petition in this case, and the time for doing so has expired. Further, as stated above, this Court has jurisdiction to entertain Answers' Petition. Answers contends that the parties entered into an Agreement, which contained an enforceable agreement to arbitrate any disputes arising under the Agreement, and that FEC breached that contract. Further, Answers alleges that the fraudulent misrepresentation claim arises out of the dispute regarding the terms of the Agreement because the misrepresentations are integrally linked to the parties' contractual relationship. Petitioner Answers thus argues that arbitration is required for both claims.

The Court notes that Osagie initially cooperated with Answers to find a time to discuss the issues and to notify the AAA whether Osagie preferred a single arbitrator or a panel of three arbitrators. (Schultz Decl. Ex. 3, ECF No. 19-2) While Osagie was aware of the pending litigation before this Court, along with the documents filed and provided by Answers, he has not challenged the validity or scope of the agreement to arbitrate.

4

The Court finds that Answers' claims of breach of contract and fraudulent misrepresentation fall within the scope of the arbitration provision in the Agreement. Further, absent any allegations by Osagie or FEC to the contrary, nothing in the record suggests that the arbitration clause in the Agreement, signed by Osagie as owner of FEC, is anything other than valid and binding. *See, e.g., Daugherty v. AAA Auto Club of Missouri*, No. 4:14CV1507, 2015 WL 2341334, at *2 (E.D. Mo. May 13, 2015) (granting motion to compel arbitration where *pro se* plaintiff failed to challenge the validity or scope of the agreement to arbitrate and where the litigation fell within the stated scope of the arbitration agreement). Therefore, the Court holds that a valid and enforceable agreement to arbitrate exists between the parties and that the claims alleged in Petitioner's Demand for Arbitration fall within the scope of this arbitration agreement.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Answers Corporation's Petition to Compel Arbitration (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that all pending motions (ECF Nos. 11, 12) are **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and Order via U.S. mail and UPS at the following addresses:

First East Circular, LLC
c/o United States Corporation Agents, Inc.
300 Delaware Ave., Suite 210-A
Wilmington, Delaware 19801

Osaro Osagie
717 Olympic Blvd., Apt. 1104
Los Angeles, California 90015

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending arbitration, and the Clerk of the Court shall administratively close the case until such time as the parties notify the Court of an award or decision from the arbitrator(s).

Dated this 18th day of October, 2016.

Ronnie L. White

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**